IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.

ZURICH AMERICAN INSURANCE
COMPANY, AMERICAN
GUARANTEE AND LIABILITY
INSURANCE COMPANY, and
AMERICAN ZURICH INSURANCE
COMPANY

       Plaintiffs,

vs.

NICHOLAS FINANCIAL, INC. and
JEREMIAH T. GROSS, as assignee of
NICHOLAS FINANCIAL.

       Defendants.

_____

## COMPLAINT FOR DECLARATORY RELIEF

**COMES NOW** Plaintiffs, ZURICH AMERICAN INSURANCE COMPANY ("ZAIC"), AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY ("AGLIC"), and AMERICAN ZURICH INSURANCE COMPANY ("AZIC"), by and through the undersigned counsel files this Complaint for Declaratory Relief against Defendants, NICHOLAS FINANCIAL, INC. ("NICHOLAS") and JEREMIAH T. GROSS ("GROSS"), as assignee of NICHOLAS FINANCIAL (collectively "DEFENDANTS"), and as grounds therefore states as follows:

## Parties

1.      ZAIC is a New York corporation engaged in the insurance business with a statutory home office located at 4 World Trade Center, 150 Greenwich Street, New York, NY 10007, and its principal place of business located at 1299 Zurich Way, Schaumburg, IL 60196. ZAIC is authorized to transact business and has transacted business in Florida.

2.      AGLIC is a New York corporation engaged in the insurance business with a statutory home office located at 4 World Trade Center, 150 Greenwich Street, New York, NY 10007, and its principal place of business located at 1299 Zurich Way, Schaumburg, IL 60196. AGLIC is authorized to transact business and has transacted business in Florida.

3.      AZIC is an Illinois corporation engaged in the insurance business with a statutory home office and its principal place of business located at 1299 Zurich Way, Schaumburg, IL 60196. AZIC is authorized to transact business and has transacted business in Florida.

4.      NICHOLAS is a financial lender incorporated in Florida, with its principal place of business in Clearwater, Florida.

5.     GROSS is a citizen of Kansas City, Missouri in Clay County. As assignee of NICHOLAS, a Florida corporation, concerning the rights and coverage under the policies, GROSS is deemed a citizen of Florida.

### Jurisdiction and Venue

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.

7.     Plaintiffs, ZAIC, AGLIC and AZIC are not citizens of the same state(s) as Defendants, NICHOLAS and GROSS. Accordingly, there is complete diversity as between the parties.

8.     Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391 as the subject policies, *infra*, were issued and delivered to NICHOLAS in Clearwater, Florida by its brokers/producers in Florida. The issuance and delivery of the insurance policies by ZAIC, AGLIC and AZIC to NICHOLAS is a substantial part of the event giving rise to the subject claim concerning the rights and coverage under said insurance policies.[1]

---

[1] To determine which state law applies to an insurance policy when that policy does not have a choice of law clause, Florida courts follow the doctrine of *lex loci contractus. State Farm Mut. Auto. Ins. Co. v. Roach,* 945 So. 2d 1160 (Fla. 2006).  This doctrine provides that the governing law is "the law of the state in which the contract is made, i.e., where the last act necessary to complete the contract is done." *Fioretti v. Mass Gen. Life Ins. Co.,* 53 F.3d 1228, 1235 (11th Cir. 1995).  The Florida Supreme Court has held that the *lex loci contractus* rule, which provides that the law of the state where an insurance contract is executed is the law that "governs the rights and liabilities of the

9.      ZAIC, AGLIC, and AZIC have performed all conditions precedent to the institution of this action, or the conditions have been excused or otherwise waived.

## Nature of Plaintiffs' Claims

10.      This is an action for a declaratory judgment pursuant to Fed. R. Civ. P. 57, for the purpose of resolving a present, real and substantial controversy among the parties concerning the parties' legal rights, duties, and relationships with respect to insurance policies issued by Plaintiffs ZAIC, AGLIC, and AZIC.

11.      Plaintiff ZAIC, as successor by merger with Maryland Casualty Company and Assurance Company of America, issued Commercial General Liability policies, Policy Nos. 38508751 with effective policy periods spanning from 2001 to 2010 and Policy Nos. 04002251 with effective policy periods spanning from 2009 to 2013 ("ZAIC CGL PAS policies"). Plaintiff ZAIC, as successor by merger with Maryland Casualty Company and Assurance Company of America, also issued Commercial Umbrella policies, Policy Nos. 38508751 with effective policy periods spanning from 2002 to 2010 and Policy Nos. 04002251 with effective policy periods spanning from 2009 to 2013 ("ZAIC Umbrella PAS policies").

---

parties in determining an issue of insurance contract". *Rando v. Gov't Empls. Ins. Co.*, 39 So. 3d 244, 247 (Fla. 2010).

Collectively the ZAIC CGL PAS policies and the ZAIC Umbrella PAS policies are referred to herein as "ZAIC PAS policies". *See* ZAIC PAS policies, attached as Exhibit A.

12.     Plaintiff AGLIC issued Commercial Liability Policy Nos. CPO 57816654-00 through CPO 5781654-02 to NICHOLAS, which has effective policy periods spanning from December 22, 2013, through December 22, 2016 ("AGLIC CPO policies"). *See* AGLIC CPO policies, attached as Exhibit B.

13.     Plaintiff AZIC issued Commercial Liability Policy Nos. CPO 5781654-03 through CPO 5781654-06 to NICHOLAS, which has effective policy periods spanning from December 22, 2016, through December 22, 2020 ("AZIC CPO policies"). *See* AZIC CPO policies, attached as Exhibit C.

14.     Plaintiff AGLIC also issued Commercial Umbrella Policy Nos. AUC 5781728-00 through AUC 5781728-06 to NICHOLAS, which has effective policy periods spanning from December 22, 2013, through April 1, 2020 ("AGLIC AUC policies"). *See* AGLIC AUC policies, attached as Exhibit D.

15.     The above referenced policies attached as Ex. A – D are collectively referred to herein as the "Policies".

16.     On or around March 09, 2021, NICHOLAS filed a Petition for Deficiency on Retail Installment Contract and Security Agreement against GROSS

in his individual capacity in the Associate Court of Clay County, Missouri, Case

No. 21CY-CV02148, styled *Nicholas Financial Inc. v. Jeremiah T. Gross*.[2]

17.     On or around March 23, 2022, GROSS filed an Answer and

Counterclaim in the form of a putative consumer class action against NICHOLAS,

alleging that NICHOLAS had engaged in unlawful and deceptive patterns of

wrongdoing regarding collection, enforcement, repossession and disposition of

collateral, and collection of alleged deficiencies (the "Class Action").

18.     On or around April 13, 2022, GROSS filed an amended Answer and

Counterclaim. This amended Answer and Counterclaim is the operative pleading,

as there were no further amendments. *See* Answer and Counterclaim, attached as

Exhibit E.

19.     The Class Action alleged that NICHOLAS engaged in unlawful and

deceptive wrongdoing "regarding collection, enforcement, repossession, and

disposition of collateral, and collection of alleged deficiencies." Ex. E ¶ 1.

20.     The Class Action alleged that:

---

[2] Case No. 21CY-CV02148 was originally assigned to the petition, which was filed in The Associate Court of Missouri. A default judgment was entered against GROSS on April 22, 2021, which was set aside March 23, 2022. After the default judgment was set aside, GROSS's Answer and Counterclaim were filed under Case No. 21CY-CV02148-01. The Case was then certified to the Circuit Court under Case. No CV02148-02.

a.  NICHOLAS mailed deficient presale notices to the class members. *See* Ex. E ¶ 100-101.

b.  NICHOLAS failed to provide "reasonable authenticated notice of disposition" to the class members. *See* Ex. E ¶ 102.

c.  NICHOLAS reported derogatory information about class members to credit agencies. *See* Ex. E ¶ 103.

d.  NICHOLAS charged Missouri subclass members post-default, prejudgment interest and fees, causing right to cure notices to be deficient, violating Missouri State law. *See* Ex. E ¶ 108.

21.  In light of the foregoing claims asserted against NICHOLAS, Plaintiffs, ZAIC, AGLIC and AZIC advised NICHOLAS that the allegations set forth in the Class Action do not trigger coverage under the Policies. NICHOLAS was invited to provide any information which it believed placed the Class Action within the coverage of the Policies.

22.  NICHOLAS confirmed that there was no need for Plaintiffs to file a declaratory judgment action concerning the coverage afforded under the Policies, as Gemini Insurance had accepted defense of NICHOLAS under its Professional Liability policies obtained by NICHOLAS, but that NICHOLAS would advise if

its position changed in any way. *See* Letter dated September 6, 2022 addressed to counsel for NICHOLAS, attached as Exhibit F.

23.     NICHOLAS did not dispute Plaintiff's coverage position and at no point provided any information that would challenge or alter Plaintiff's coverage position.

24.     On or about February 20, 2024, without any prior notice to Plaintiffs, NICHOLAS and GROSS entered into a settlement agreement relative to the Class Action, whereby NICHOLAS agreed to enter into a consent judgment in an amount to be determined by the court, and agreed to assign to GROSS its claims and rights against insurers, including ZAIC, AGLIC, and AZIC, and insurance agents, to seek payment of said judgment via claims including those for bad faith failure to settle, breach of the duty to defend, breach of the duty to indemnify, and failure to procure adequate insurance. *See* Class Action Settlement Agreement and Release, attached as Exhibit G.

25.     The claims against ZAIC, AGLIC and AZIC assigned to GROSS under the Class Action Settlement Agreement were based on the "Released Claims" enumerated in the Class Action Settlement Agreement as:

   a) The repossession and disposition of personal property collateral in connection with any of NFI's loans encompassed by the Settlement Class;
   b) Any claim (but not affirmative defenses) relating to the inadequacy or insufficiency of any notice or disclosure regarding repossession or

a deficiency balance that NFI provided (or failed to provide) to any Settlement Class Member;

c) NFI's alleged violation of the Uniform Commercial Code with respect to repossession of collateral and notices required before or after repossession of collateral;

d) NFI's alleged violation of the Uniform Commercial Code with respect to sales of collateral and notices required before or after sales of collateral;

e) Loans made to any Settlement Class Member;

f) Credit reporting for any loan made to any Settlement Class Member;

g) Any judgment NFI obtained against any Settlement Class Member; or

h) Any claim or cause of action asserted in this Litigation or which could have been asserted in this Litigation based on the facts alleged in the pleadings in this Litigation

*See* Ex. G § 1.18, Released Claims; Ex. G § 3.15, Judgment.

26.     Under the Class Action Settlement Agreement, GROSS and

NICHOLAS also agreed to a Settlement Class Definition to be certified by the court

as:

All persons who NFI mailed a presale notice or post-sale explanation between April 1, 2016 and December 1, 2022, except for those persons: (a) against whom NFI has obtained a final deficiency judgment; (b) who filed for bankruptcy after the date on which NFI sold their collateral and whose bankruptcy ended in discharge rather than dismissal; and (c) whose loans were sold, conveyed, assigned, or otherwise transferred by NFI prior to the date on which the Court issues its Preliminary Approval Order.

*See* Ex. G § 2, Certification of the Settlement Class.

27.     By letter(s) dated March 6, 2024, Plaintiffs received Notice to Insurer

of Covenant Not to Execute, which provided formal written notice of the execution

of the Class Action Settlement Agreement and Release. *See* Letter(s) dated March 6, 2024 to Plaintiffs, attached as Composite Exhibit H.[3]

28.     As set forth in Plaintiffs' September 6, 2022 coverage position letter, the operative pleading in the Class Action alleges facts that are not covered by the Policies' respective Insuring Agreements, and are subject to exclusions found in Policies issued by ZAIC, AGLIC and AZIC to NICHOLAS (*See* ¶ 11-14, herein), including but not limited to exclusions that preclude coverage for "bodily injury", "property damage" or "personal and advertising injury" resulting in the rendering of or the failure to render financial services, found in each of the Policies issued by Plaintiffs.

29.     As the operative pleading in the Class Action does not allege claims for which the Policies provide coverage, there is no duty to defend or indemnify NICHOLAS under the Policies relative to any liability arising from the Class Action and the Class Action Settlement Agreement and Release.

30.     Accordingly, Plaintiffs seek a declaration that:

---

[3] On April 5, 2024, Plaintiffs filed a Motion to Intervene and Answer to the Counterclaim in the Class Action. This is a procedure authorized under Missouri law pursuant to Mo. Rev. Stat. § 537.065 and Mo. R. Civ. P. R. 52.12. The Motion to Intervene was granted on April 9, 2024. On May 15, 2024, Defendant, GROSS improperly filed a Cross-Claim against Plaintiffs in the Associate Circuit Court of Clay County, Missouri, related to coverage under the Policies, for which several grounds for dismissal exist and are in the process of being pursued.

a. ZAIC, AGLIC, and AZIC have no duty to defend or indemnify NICHOLAS under the Policies relative to the Class Action brought by GROSS; and

b. There was no wrongful denial of coverage by Plaintiff in the Class Action, and thereby Plaintiffs do not owe any obligation to NICHOLAS, or GROSS (as a purported assignee), under the Policies relating to or arising from the Class Action and Class Action Settlement Agreement and Release.

## COUNT I – ZAIC'S CLAIM FOR DECLARATORY JUDGMENT REGARDING THE ZAIC PAS POLICIES

31.  Plaintiff, ZAIC realleges Paragraphs 1 through 30 as fully set forth herein.

32.  This is an action for declaratory relief pursuant to Fed. R. Civ. P. 57.

### The ZAIC CGL PAS Policies

33.  The Insuring Agreement for Coverage A of the ZAIC CGL PAS policies provides coverage for those sums that an insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which the insurance applies. The ZAIC CGL PAS policies provide that the insurance applies only if the "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory" and during the policy

11

period. Moreover, "occurrence" is defined in the ZAIC CGL PAS policies to mean an "accident, including continuous or repeated exposure to substantially the same general harmful conditions". *See* Ex. A.

34.    The operative pleading in the Class Action does not allege liability on the part of NICHOLAS for "bodily injury" or "property damage" caused by an "occurrence", as defined. Accordingly, there is no coverage afforded under Coverage A of the ZAIC CGL PAS policies.

35.    Additionally, all of the ZAIC CGL PAS policy period(s) pre-date the class period applicable to the Class Action, as agreed by GROSS and NICHOLAS to be between April 1, 2016 and December 1, 2022. *See* Ex. G § 2, Certification of the Settlement Class. Accordingly, there is no coverage afforded under the ZAIC CGL PAS policies.

36.    Coverage B does not apply, as the ZAIC CGL PAS policies contain an Exclusion – Personal and Advertising Injury which provides that "COVERAGE B (Section I) does not apply and none of the references to it in the Coverage Part apply." Pursuant to this exclusion, the ZAIC CGL PAS policies expressly preclude coverage for "personal and advertising injury". *See* Ex. A.

37.     Moreover, beginning with the 2006 iteration of the PAS Policy No. 38508751, there is a Financial Services Exclusion [CG 21 52 04 13] which provides in relevant part:

> This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" resulting from the rendering of or the failure to render financial services by any insured to others. For the purpose of this exclusion, financial services include but are not limited to: . . . (4) Repossessing of real or personal property from a borrower or acting as an assignee for the benefit of creditors; (5) Checking or reporting of credit; (6) Maintaining of financial accounts or records . . . .

*See* Ex. A.

38.     PAS Policy No. 04002251 contains a similar exclusion, the "Exclusion – Financial Services" [CG 21 52 07 98] which provides in relevant part:

> This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" resulting from the rendering of or the failure to render financial services by any insured to others. For the purpose of this exclusion, financial services include but are not limited to: . . . (4) Repossessing of real or personal property from a borrower or acting as an assignee for the benefit of creditors; (5) Checking or reporting of credit; (6) Maintaining of financial accounts or records . . .

*See* Ex. A.

39.     All of the allegations in the operative pleading of the Class Action are related to notices, repossession, and sale of secured collateral.

40.     The allegations are related to the provision of financial services. There is no claim or allegation against NICHOLAS that falls outside of the provision of financial services and therefore, coverage is also excluded under the ZAIC CGL

PAS policies beginning in 2006 on the basis of the financial services-related exclusions, set forth above.

41.     In addition to the foregoing, the ZAIC CGL PAS policies provide a Professional exclusion applicable to Coverage A for "'[b]odily injury' or 'property damage' arising out of the rendering or failure to render any professional service, including but not limited to: (a) Accounting… financial … services, advice and instruction".

42.     The allegations in the operative pleading of the Class action are premised on NICHOLAS' rendering of or failure to render professional financial services. Therefore, coverage is also precluded under this exclusion.

43.     Because the Class Action does not allege an "occurrence" within the policy period as required to active coverage under the respective Coverage A Insuring Agreements, and the allegations set forth in the Class Action are otherwise subject to exclusions found in the ZAIC CGL PAS policies, ZAIC has no duty to defend or indemnify NICHOLAS in the Class Action, nor does it have any obligations to NICHOLAS or GROSS (as purported assignee) arising from or related to the Class Action Settlement Agreement and Release.

### The ZAIC CGL PAS Policies

44.     With regard to the ZAIC Umbrella PAS policies, Section 1.01 provides in relevant part that ZAIC will pay on behalf of the insured those sums in excess

14

of the "retained limit" which the insured becomes legally obligated to pay as damages for "bodily injury" or "property damage" occurring during the policy period and caused by an "occurrence". Moreover, "occurrence" is defined in the ZAIC Umbrella PAS policies to mean an "accident, including continuous or repeated exposure to substantially the same general harmful conditions". *See* Ex. A.

45.     The operative pleading in the Class Action does not allege liability on the part of NICHOLAS for "bodily injury" or "property damage" caused by an "occurrence", as defined. Accordingly, there is no coverage afforded under the ZAIC Umbrella PAS policies.

46.     Section 1.01 of the ZAIC Umbrella PAS policies also provides coverage for those sums in excess of the "retained limit" which the insured becomes legally obligated to pay as damages because of "personal injury" caused by an offense committed during the policy period and arising out of the insured's business, excluding advertising, publishing, broadcasting or telecasting done by or for the insured, as well as "advertising injury" caused by an offense committed during the policy period and in the course of advertising the insured's goods, products or services. The ZAIC Umbrella PAS policies define "advertising injury" to mean injury arising out of one or more certain enumerated offenses and define

"personal injury" to mean injury, other than "bodily injury" arising out of one or more certain enumerated offenses. *See* Ex. A.

47.     The operative pleading in the Class Action does not allege liability on the part of NICHOLAS for "personal and advertising injury", as none of the allegations plead against NICHOLAS include any of the enumerated offenses that would meet the definition of "advertising injury" or "personal injury", as defined. Accordingly, there is no coverage afforded under the ZAIC Umbrella PAS policies.

48.     Additionally, all of the ZAIC Umbrella PAS policy period(s) pre-date the class period applicable to the Class Action, as agreed by GROSS and NICHOLAS to be between April 1, 2016 and December 1, 2022. *See* Ex. G § 2, Certification of the Settlement Class. Accordingly, there is no coverage afforded under the ZAIC Umbrella PAS policies.

49.     Section 1.02 of the ZAIC Umbrella PAS policies provide when "underlying insurance" does not apply to an "occurrence" or offense and coverage for the "occurrence" or offense is provided by this coverage part, ZAIC has the right and duty to defend any "suit" seeking damages, subject to certain enumerated limitations. The "underlying insurance" for each policy year are the ZAIC CGL PAS policies, which do not provide coverage for the allegations set forth in the Class Action.

16

50.     Because there is no coverage under the ZAIC CGL PAS policies, and there is no coverage otherwise provided under Section 1.01 of the ZAIC Umbrella PAS policies, ZAIC had no duty to defend or indemnify NICHOLAS in the Class Action, nor does it have any obligations arising from or related to the Class Action Settlement Agreement and Release.

51.     WHEREFORE, Plaintiff, ZURICH AMERICAN INSURANCE COMPANY respectfully requests this court enter declaratory judgment in its favor and against NICHOLAS and GROSS as follows:

a.  No coverage exists for the Class Action claims under the ZAIC PAS policies.

b.  ZAIC has no duty to defend or indemnify NICHOLAS for the Class Action claims or Class Action Settlement Agreement and Release.

c.  There was no wrongful denial of coverage by ZAIC in the Class Action, and thereby ZAIC does not owe any obligation to NICHOLAS, or GROSS (as a purported assignee), under the ZAIC PAS policies relating to or arising from the Class Action and Class Action Settlement Agreement and Release.

## COUNT II – AGLIC'S CLAIM FOR DECLARATORY JUDGMENT AGAINST DEFENDANTS REGARDING THE AGLIC CPO POLICIES

52.     Plaintiff, AGLIC realleges Paragraphs 1 through 30 as fully set forth herein.

53.     This is an action for declaratory relief pursuant Fed. R. Civ. P. 57.

54.     The Insuring Agreement for Coverage A of the AGLIC CPO policies provides coverage for those sums that an insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which the insurance applies. The AGLIC CPO policies provide that the insurance applies only if the "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory" and during the policy period. Moreover, "occurrence" is defined in the AGLIC CPO policies to mean an "accident, including continuous or repeated exposure to substantially the same general harmful conditions". *See* Ex. B.

55.     The operative pleading in the Class Action does not allege liability on the part of NICHOLAS for "bodily injury" or "property damage" caused by an "occurrence", as defined. Accordingly, there is no coverage afforded under Coverage A of the AGLIC CPO policies.

56.     The Insuring Agreement for Coverage B of the AGLIC CPO policies provide coverage for those sums that an insured becomes legally obligated to pay

as damages because of "personal and advertising injury" to which the insurance applies. The AGLIC CPO policies provide that the insurance applies only to "personal and advertising injury" caused by an offense arising out of the insured's business but only if the offense was committed in the "coverage territory" during the policy period. The AGLIC CPO policies define "personal and advertising injury" to mean injury arising out of one or more certain numerated offenses. *See* Ex. B.

57.     The operative pleading in the Class Action does not allege liability on the part of NICHOLAS for "personal and advertising injury", as none of the allegations plead against NICHOLAS include any of the enumerated offenses that would meet the definition of "personal and advertising injury", as defined. Accordingly, there is no coverage afforded under Coverage B of the AGLIC CPO policies.

58.     Additionally, most of the AGLIC CPO policy period(s) pre-date the class period applicable to the Class Action, as agreed by GROSS and NICHOLAS to be between April 1, 2016 and December 1, 2022. *See* Ex. G § 2, Certification of the Settlement Class. Accordingly, there is no coverage afforded under Coverage A or Coverage B of the AGLIC CPO policies in which the class period falls outside the AGLIC CPO policy period(s).

59.     As well, both Coverage A and Coverage B of the AGLIC CPO policies contain a "Recording And Distribution of Material or Information In Violation of Law Exclusion" which excludes coverage for "personal and advertising injury" or "property damage" "arising directly or indirectly out of any action or omission that violates or is alleged to violate:"

> (3) The Fair Credit Reporting Act (FCRA) and any amendment of or addition to such law, including the Fair and Accurate Credit Transactions Act; or (4) Any federal, state or local statute, ordinance or regulation, other than TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

60.     The operative pleading of the Class Action alleges that NICHOLAS violated Missouri laws regarding debt collection, repossession, disposition, and credit reporting.

61.     These allegations fall under this exclusion and therefore there is no coverage for those claims.

62.     The AGLIC CPO Policies also contain a Financial Services Exclusion [CG 21 52 04 13] which provides in relevant part:

> This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" resulting from the rendering of or the failure to render financial services by any insured to others. For the purpose of this exclusion, financial services include but are not limited to: . . . (4) Repossessing of real or personal property from a borrower or acting as an assignee for the benefit of creditors; (5) Checking or reporting of credit; (6) Maintaining of financial accounts or records . . . .

63.     All of the allegations in the operative pleading of the Class Action are related to notices, repossession, and sale of secured collateral.

64.     The allegations are related to the provision of financial services. There is no claim or allegation against NICHOLAS that falls outside of the provision of financial services and therefore, coverage is also excluded under the AGLIC CPO policies.

65.     Because the Class Action does not allege an "occurrence" or a "personal and advertising injury" as required to active coverage under the respective Coverage A and Coverage B Insuring Agreements, and the allegations set forth in the Class Action are otherwise subject to exclusions found in the AGLIC CPO policies, AGLIC has no duty to defend or indemnify NICHOLAS in the Class Action, nor does it have any obligations to NICHOLAS or GROSS (as purported assignee) arising from or related to the Class Action Settlement Agreement and Release.

66.     WHEREFORE, Plaintiff, AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY respectfully requests this court enter declaratory judgment in its favor and against NICHOLAS and GROSS as follows:

      a.  No coverage exists for the Class Action claims under the AGLIC CPO policies.

b.  AGLIC has no duty to defend or indemnify NICHOLAS for the Class Action claims or Class Action Settlement Agreement and Release.

c.  There was no wrongful denial of coverage by AGLIC in the Class Action, and thereby AGLIC does not owe any obligation to NICHOLAS, or GROSS (as a purported assignee), under the AGLIC CPO policies relating to or arising from the Class Action and Class Action Settlement Agreement and Release.

## COUNT III – AZIC'S CLAIM FOR DECLARATORY JUDGMENT AGAINST DEFENDANTS REGARDING THE AZIC CPO POLICIES

67.  Plaintiff, AZIC realleges Paragraphs 1 through 30 as fully set forth herein.

68.  This is an action for declaratory relief pursuant to Fed. R. Civ. P. 57.

69.  The Insuring Agreement for Coverage A of the AZIC CPO policies provides coverage for those sums that an insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which the insurance applies. The AZIC CPO policies provide that the insurance applies only if the "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory" and during the policy period. Moreover, "occurrence" is defined in the AZIC CPO policies to mean an "accident, including

22

continuous or repeated exposure to substantially the same general harmful conditions". *See* Ex. C.

70.     The operative pleading in the Class Action does not allege liability on the part of NICHOLAS for "bodily injury" or "property damage" caused by an "occurrence", as defined. Accordingly, there is no coverage afforded under Coverage A of the AZIC CPO policies.

71.     The Insuring Agreement for Coverage B of the AZIC CPO policies provide coverage for those sums that an insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which the insurance applies. The AZIC CPO policies provide that the insurance applies only to "personal and advertising injury" caused by an offense arising out of the insured's business but only if the offense was committed in the "coverage territory" during the policy period. The AZIC CPO policies define "personal and advertising injury" to mean injury arising out of one or more certain numerated offenses. *See* Ex. C.

72.     The operative pleading in the Class Action does not allege liability on the part of NICHOLAS for "personal and advertising injury", as none of the allegations plead against NICHOLAS include any of the enumerated offenses that would meet the definition of "personal and advertising injury", as defined.

23

Accordingly, there is no coverage afforded under Coverage B of the AZIC CPO policies.

73.     Both Coverage A and Coverage B of the AZIC CPO policies contain a "Recording And Distribution of Material or Information In Violation of Law Exclusion" which excludes coverage for "personal and advertising injury" or "property damage" "arising directly or indirectly out of any action or omission that violates or is alleged to violate:"

> (3) The Fair Credit Reporting Act (FCRA) and any amendment of or addition to such law, including the Fair and Accurate Credit Transactions Act; or (4) Any federal, state or local statute, ordinance or regulation, other than TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

74.     The operative pleading of the Class Action alleges that NICHOLAS violated Missouri laws regarding debt collection, repossession, disposition, and credit reporting.

75.     These allegations fall under this exclusion and therefore there is no coverage for those claims.

76.     The AZIC CPO Policies also contain a Financial Services Exclusion [CG 21 52 04 13] which provides in relevant part:

> This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" resulting from the rendering of or the failure to render financial services by any insured to others. For the purpose

of this exclusion, financial services include but are not limited to: . . . (4) Repossessing of real or personal property from a borrower or acting as an assignee for the benefit of creditors; (5) Checking or reporting of credit; (6) Maintaining of financial accounts or records . . .

77. All of the allegations in the operative pleading of the Class Action are related to notices, repossession, and sale of secured collateral.

78. The allegations are related to the provision of financial services. There is no claim or allegation against NICHOLAS that falls outside of the provision of financial services and therefore, coverage is also excluded under the AZIC CPO policies.

79. Because the Class Action does not allege an "occurrence" or a "personal and advertising injury" as required to active coverage under the respective Coverage A and Coverage B Insuring Agreements, and the allegations set forth in the Class Action are otherwise subject to exclusions found in the AZIC CPO policies, AZIC has no duty to defend or indemnify NICHOLAS in the Class Action, nor does it have any obligations to NICHOLAS or GROSS (as purported assignee) arising from or related to the Class Action Settlement Agreement and Release.

80. WHEREFORE, Plaintiff, AMERICAN ZURICH INSURANCE COMPANY respectfully requests this court enter declaratory judgment in its favor and against NICHOLAS and GROSS as follows:

a. No coverage exists for the Class Action claims under the AZIC CPO policies.

b. AZIC has no duty to defend or indemnify NICHOLAS for the Class Action claims or Class Action Settlement Agreement and Release.

c. There was no wrongful denial of coverage by AZIC in the Class Action, and thereby AZIC does not owe any obligation to NICHOLAS, or GROSS (as a purported assignee), under the AZIC CPO policies relating to or arising from the Class Action and Class Action Settlement Agreement and Release.

## COUNT IV – AGLIC'S CLAIM FOR DECLARATORY JUDGMENT AGAINST DEFENDANTS REGARDING THE AGLIC AUC POLICIES

81.     Plaintiff, AGLIC realleges Paragraphs 1 through 30 as fully set forth herein.

82.     This is an action for declaratory relief pursuant to Fed. R. Civ. P. 57.

83.     The AGLIC AUC policies are Commercial Umbrella Liability Policies.

84.     Coverage A of the AGLIC AUC policies provide that that they are excess follow form liability insurance and that "if underlying insurance does not apply to damages, for reasons other than exhaustion of applicable Limits of Insurance by payment of loss, then Coverage A does not apply to such damages."

The underlying coverage for each policy year is the respective CPO policy issued by AGLIC or AZIC, which both exclude coverage, prohibiting coverage under the AUC policies, as set forth in Counts II and III herein.

85.     Because there is no coverage under the AGLIC AUC policies, AGLIC had no duty to defend or indemnify NICHOLAS in the Class Action, nor does it have any obligations arising from or related to the Class Action Settlement Agreement and Release.

86.     Additionally, many of the AGLIC AUC policy period(s) pre-date the class period applicable to the Class Action, as agreed by GROSS and NICHOLAS to be between April 1, 2016 and December 1, 2022. *See* Ex. G § 2, Certification of the Settlement Class. Accordingly, there is no coverage afforded under Coverage A of the AGLIC AUC policies in which the class period falls outside the AGLIC AUC policy period(s).

87.     Moreover, the AGLIC AUC policies contain a Violation of Statutes Exclusion, which provides that the policy does not apply to any liability, damage, loss, cost, or expense:

> Resulting from or arising directly or indirectly out of any action or omission that violates or is alleged to violate: (a) The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law; (b) The CAN-SPAM Act of 2003, including any amendment of or addition to such law; (c) The Fair Credit Reporting Act (FCRA) and any amendment or addition to such law including the Fair and Accurate Credit Transactions Act (FACTA); or (d) Any federal, state or local statute, ordinance, or

regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

88.    The operative pleading of the Class Action alleges that NICHOLAS violated Missouri laws regarding debt collection, repossession, disposition, and credit reporting.

89.    The allegations of the Class Action fall under this exclusion and therefore there is no coverage for those claims under the AGLIC AUC policies.

90.    The AGLIC AUC policies also contain a Professional Liability Exclusion which provides:

> [T]his policy does not apply to any liability, damage, loss, cost or expense arising out of any breach of duty, negligent act, error, misstatement or omission of any insured, or any person for whom the insured is legally responsible, in the rendering of, or failure to render, any professional service.
>
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the occurrence which caused the liability, damage, loss, cost or expense involved the rendering of, or failure to render, any professional service.

91.    The allegations in the operative pleading of the Class action are premised on NICHOLAS' rendering of or failure to render professional services as the allegations are based in lending, debt collection, and financial services. Therefore, coverage is excluded under this exclusion.

92.     The AGLIC AUC policy No. AUC 5781728-06, effective December 22,

2019, through April 1, 2020, also contains a Financial Professional Services

Exclusion which states:

> [T]his policy does not apply to any liability, damage, loss, cost or expense
> arising out of the rendering of, or failure to render, any professional
> services.
>
> This exclusion applies even if the claims against any insured allege
> negligence or other wrongdoing in the supervision, hiring, employment,
> training or monitoring of others by that insured, if the occurrence which
> caused the liability, damage, loss, cost or expense, involved the rendering
> of, or the failure to render, professional services by any insured to others.
>
> As used in this endorsement professional services means those services
> rendered, or required to be rendered, to others pursuant to an agreement
> and for a fee or other payment and include non-compensated services,
> provided they are rendered, or required to be rendered, in connection with
> paid services. They include but are not limited to services arising out of
> investment banking, lending, financial counseling, insurance operations,
> real estate operation and appraisal services.

93.     All of the allegations in the operative pleading of the Class Action are

related to notices, repossession, and sale of secured collateral.

94.     The allegations are related to the provision of financial services. There

is no claim or allegation against NICHOLAS that falls outside of the provision of

financial services and therefore, coverage is also excluded under the AGLIC AUC

policies.

95.     Because the underlying insurance does not provide coverage for the

Class Action, Coverage A of the Commercial Umbrella Policies issued by AGLIC

are not activated, and the allegations set forth in the Class Action are otherwise subject to exclusions found in the AGLIC AUC policies, AUC has no duty to defend or indemnify NICHOLAS in the Class Action, nor does it have any obligations to NICHOLAS or GROSS (as purported assignee) arising from or related to the Class Action Settlement Agreement and Release.

96.     WHEREFORE, Plaintiff, AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY respectfully requests this court enter declaratory judgment in its favor and against NICHOLAS and GROSS as follows:

    a. No coverage exists for the Class Action claims under the AGLIC AUC policies.

    b. AGLIC has no duty to defend or indemnify NICHOLAS for the Class Action claims or Class Action Settlement Agreement and Release.

    c. There was no wrongful denial of coverage by AGLIC in the Class Action, and thereby AGLIC does not owe any obligation to NICHOLAS, or GROSS (as a purported assignee), under the AGLIC AUC policies relating to or arising from the Class Action and Class Action Settlement Agreement and Release.

WHEREFORE, Plaintiffs, ZURICH AMERICAN INSURANCE COMPANY, AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, and AMERICAN ZURICH INSURANCE COMPANY, request the entry of a Final Declaratory Judgment declaring the parties' respective rights, obligations, and responsibilities under the Policy, together with an award of all other appropriate attendant relief, and costs against the Defendants, NICHOLAS FINANCIAL, INC. and JEREMIAH T. GROSS, as assignee of NICHOLAS FINANCIAL, and for such other relief the Court deems appropriate.

Respectfully submitted this 10th day of June 2024.

Respectfully Submitted,

SEGAL McCAMBRIDGE
SINGER & MAHONEY, LTD.
*Attorneys for Plaintiffs*
200 East Las Olas Blvd., Suite 1820
Fort Lauderdale, FL 33301
Telephone:  954-765-1001
Facsimile:    954-765-1005

By:  *s/ Ilana B. Olman*____
    **ILANA B. OLMAN**
    Florida Bar No.: 106066
    iolman@smsm.com
    NICHOLAS E. RICHARDSON
    Florida Bar No.: 1024637
    nrichardson@smsm.com

    ibopleadings@smsm.com
    *(for email service only)*

31